IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 1:22-CV-7123

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

    Plaintiff,

v.

CRATEJOY, INC. and VITAL
CONNECTIONS, INC. d/b/a YO PITTS!
FOODS,

    Defendants.

## COMPLAINT

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") sues defendants Cratejoy Inc. ("Cratejoy") and Vital Connections, Inc. d/b/a Yo Pitts! Foods ("Yo Pitts") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2. Cratejoy is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 2405 Independence Drive, Austin, TX 78745. Cratejoy's agent for service of process is Capitol Corporate Services, Inc. 1501 S Mopac Expressway, Suite 220, Austin, TX 78746.

3. Yo Pitts is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 239 West 131 Street, New York, NY 10027.

Yo Pitts serves as its own agent for service of process at 239 West 131 Street, New York, NY 10027.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Yo Pitts because it maintained sufficient minimum contacts with New York such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice. This Court has personal jurisdiction over Cratejoy pursuant to CPLR 302(a)(1) and (a)(2) because Cratejoy transacts business within this state and committed a tortious act (copyright infringement) within the state. Further, the exercise of personal jurisdiction over Cratejoy would not offend traditional notions of fair play and substantial justice.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

**I.  Plaintiff's Business**

7. Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

8. Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers

a monthly subscription service which provides access to/license of tens of thousands of professional images.

9. As of the date of this pleading, Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a monthly fee of $999.00 for access to its library of professional photographs.

10. Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase. Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

11. Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

**II.    The Work at Issue in this Lawsuit**

12. In 1998, a professional photographer created a photograph of cheese titled "CheeseSwiss008_ADL" (the "Work"). A copy of the work is exhibited below:



13. The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with

the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on January 29, 2017 and was assigned Registration No. VA 2-046-821. A true and correct copy of the Certification of Registration pertaining to the work is attached hereto as **Exhibit "A."**

14. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendants' Unlawful Activities

15. Cratejoy is a subscription service that allows customers to design and select boxes full of items tailored to their preferences.

16. Cratejoy advertises/markets its business primarily through its website (https://www.cratejoy.com/), social media (e.g., https://www.facebook.com/cratejoy) and other forms of advertising.

17. Yo Pitts is a food brand that is home to the entire line of TPzzz Mustards, ketchups and sauces.

18. Yo Pitts advertises/markets its business primarily through its website (https://yopittsfoods.com/), social media (e.g., https://www.facebook.com/yopittsfoods), and other forms of advertising.

19. Upon information and belief, Yo Pitts provided the Work to Cratejoy to create the advertisement for the Yo Pitts subscription box during all times material to the allegations of this lawsuit. Yo Pitts provided the Work to create the advertisement, Cratejoy approved it, and the advertisement was ultimately published by Defendants on Cratejoy's website.

20. On a date after Plaintiff's above-referenced copyright registration of the Work, Defendants published the Work on Cratejoy's website (at

https://www.cratejoy.com/subscription-box/yo-pitts-foods/) in connection with the sale of a Yo Pitts! Foods subscription box:



21. A true and correct copy of screenshots of Cratejoy's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

22. Defendants are not and have never been licensed to use or display any of the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their website advertising or for any other purpose – even though the Work that was copied is clearly professional stock photography that would put Defendants on notice that the Work was not intended for public use.

23. Defendants utilized the Work for commercial use – namely, in connection with the marketing of Cratejoy's subscription box service (for a Yo Pitts box).

24. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered the aforementioned unauthorized use/display of the Work in approximately February 2022. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable

license for the past/existing infringement of his Work.

25. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Yo Pitts)

26. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

27. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

28. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

29. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Yo Pitts had access to the Work prior to its own reproduction, distribution, and public display of the Work on Cratejoy's website.

30. Yo Pitts reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

31. By its actions, Yo Pitts directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes and for the commercial purposes of Cratejoy.

32. Alternatively, to the extent Yo Pitts did not directly infringe Plaintiff's rights in the Work, Yo Pitts is liable for contributory infringement.

33. As Yo Pitts guides, directs, and implements the marketing plans for its subscription box with Cratejoy, Yo Pitts has the ability to influence and control the infringing acts of Cratejoy.

34. Thus, assuming Yo Pitts did not directly infringe, Yo Pitts caused or materially contributed to Cratejoy's infringing activity. Yo Pitts encouraged Cratejoy to utilize copyrighted imagery on Cratejoy's website, all while knowing the material was copyright protected.

35. Yo Pitts obtained a direct financial benefit from its own and/or Cratejoy's infringing activities.

36. Yo Pitts' infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

37. Plaintiff has been damaged as a direct and proximate result of Yo Pitts' infringement.

38. Plaintiff is entitled to recover its actual damages resulting from Yo Pitts' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Yo Pitts' profits from infringement of the Work, which amounts shall be proven at trial.

39. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

40. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Yo Pitts' conduct.

41. Yo Pitts' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Yo Pitts as follows:

a. A declaration that Yo Pitts has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Yo Pitts, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Yo Pitts, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (Cratejoy)

42. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

43. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

44. Plaintiff owns a valid copyright in the Works, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

45. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Cratejoy had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

46. Cratejoy reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

47. By its actions, Cratejoy infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

48. Alternatively, to the extent Cratejoy did not directly infringe Plaintiff's rights in the Work, Cratejoy is liable for vicarious infringement.

49. As the owner of the website in question and the entity which partnered with Yo Pitts to advertise and sell a Yo Pitts subscription box thereon, Cratejoy has the right and ability to control the infringing acts of Yo Pitts yet declined or failed to stop Yo Pitts from engaging in its infringing activity.

50. Cratejoy's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Cratejoy itself utilizes a copyright disclaimer on its website ("© 2022 Cratejoy. All Rights Reserved."), indicating that Cratejoy understands the importance of copyright protection and intellectual property rights. Cratejoy clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

51. Plaintiff has been damaged as a direct and proximate result of Cratejoy's infringement.

52. Plaintiff is entitled to recover its actual damages resulting from Cratejoy's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Cratejoy's profits from infringement of the Work, which amounts shall be proven at trial.

53. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

54. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Cratejoy's conduct.

55. Cratejoy's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Cratejoy as follows:

a. A declaration that Cratejoy has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Cratejoy, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Cratejoy, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: August 21, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza, Esq.
      Daniel DeSouza, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza

Daniel DeSouza